UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATINAL BRHANE,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT,<br><br>Respondent. | CASE NO. 2:26-cv-02621-DGE<br><br>ORDER ON MOTION TO APPOINT COUNSEL (DKT. NO. 5) |

Before the Court is Petitioner's motion to appoint counsel in this habeas corpus action. (Dkt. No. 5.) There currently exists no absolute right to appointment of counsel in habeas proceedings. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate

his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

At present, the information alleged in the petition is too limited for the Court to evaluate the likelihood of success on the merits. Petitioner appears capable of articulating his claims. The Court also notes that Petitioner was until recently represented by counsel in his immigration proceeding. However, his attorney withdrew because Petitioner did "not provid[e] truthful information to him about the case." (Dkt. No. 10-7 at 2.) The Court therefore is unable to appoint counsel at this time. Accordingly, Petitioner's motion to appoint counsel (Dkt. No. 5) is DENIED.

Dated this 19th day of August, 2026.

David G. Estudillo
United States District Judge