UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATINAL BRHANE,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT,<br><br>Respondent. | CASE NO. 2:26-cv-02621-DGE<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 4) |

Before the Court is Petitioner Natinal Brhane's petition for a writ of habeas corpus. (Dkt. No. 4.) Petitioner contends Respondents violated his due process rights by re-detaining him at a routine check-in without prior notice and an opportunity to be heard. (*Id.*) Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (Dkt. No. 8 at 6.) Controlling Circuit law and recent rulings by this Court lead to only one conclusion: Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b), and Respondents violated his due process rights when they re-detained Petitioner without a pre-deprivation hearing.

On October 6, 2024, Petitioner, a native and citizen of Eritrea[1], entered the United States at or near Otay Mesa, California without being admitted or paroled. (Dkt. No. 10-1 at 3.) Petitioner was placed in removal proceedings and released on OREC issued pursuant to 8 U.S.C. § 1226. (Dkt. No. 10-3.) On March 25, 2026, Petitioner was arrested by the Tukwila Police Department for Criminal Trespass in the Second Degree. (Dkt. No. 10-1 at 3.) On May 22, 2026, Petitioner was detained during a routine check-in after ICE discovered his arrest. (*Id.*) ICE issued a warrant of arrest to detain Petitioner and transferred him to the Northwest ICE Processing Center in Tacoma, where he remains. (Dkt. Nos. 9 at 3; 10-4.)

An immigration judge granted Petitioner voluntary departure and ordered Petitioner to depart the United States no later than August 27, 2026. (Dkt. No. 10-6 at 3.) However, Petitioner timely appealed the immigration judge's decision, and such appeal remains pending. (Dkt. No. 17-1.) Accordingly, Petitioner does not have a final order of removal and is not subject to the detention provisions of 8 U.S.C. § 1231. *See* 8 U.S.C. 1231(a)(1)(B)(i) ("removal period" does not begin until the "date the order of removal becomes administratively final").

These facts establish Petitioner is not subject to 8 U.S.C. § 1225(b) and that his detention is governed by § 1226(a). *See Ortiz-Canales v. Blanche*, Case No. 2:26-cv-02748-DGE, 2026 WL 2561542 (W.D. Wash., Aug. 31, 2026); *Safiulin v. Hernandez*, Case No. 2:26-cv-02701-DGE, 2026 WL 2546134 (W.D. Wash. Aug. 28, 2026); *Bian v. Hernandez*, Case No. 2:26-cv-02180-DGE, 2026 WL 2070090 (W.D. Wash, July, 17, 2026); *Yu v. Hernandez*, Case No. 2:26-cv-01372-DGE, 2026 WL 1560581 (W.D. Wash. May 22, 2026); *Rana v. Bondi*, Case No. 2:26-cv-00268, 2026 WL 445049 (W.D. Wash. Feb. 17, 2026); *Singh v. Noem*, Case No. 2:26-cv-

[1] Respondents allege Petitioner is also a citizen of Sweden and have submitted a copy of Petitioner's Swedish passport. (Dkt. Nos. 8 at 4; 10-8.)

00079-DGE, 2026 WL 265670 (W.D. Wash. Feb. 2, 2026); *Quitio v. Warden, No[r]thwest ICE Processing Center*, Case No. C26-2118-KKE, 2026 WL 2168608 (July 28, 2026); *Bello Chacon v. Hermosillo*, Case No. 2:25-cv-02299-TMC, 2025 WL 3562666, at *4 (W.D. Wash. Dec. 12, 2025); *E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316, 1322–1323 (W.D. Wash. 2025).

These facts also establish Petitioner's detention on May 22, 2026 without pre-deprivation notice or hearing before a neutral decisionmaker violated due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976). After having been previously released on an OREC, Petitioner maintained a private interest in freedom from imprisonment. There was a high risk of erroneous deprivation of this private interest because the alleged basis for Petitioner's detention was Petitioner's arrest for criminal trespass. This charge, which appears to stem from an encounter at a shelter (Dkt. No. 4 at 4) remains pending and does not present exigent circumstances that would justify Petitioner's immediate re-detention because a state court apparently released Petitioner after his arrest. Any additional administrative burden in providing pre-deprivation notice and a hearing before a neutral decision maker is outweighed by constitutionally required due process. In accordance with decisions issued by this Court in similar cases, the Court concludes Petitioner's detention violated due process. *See Ortiz-Canales*, *Safiulin*, *Bian*, *Yu*, *Rana*, and *Singh*.

Based on the foregoing, the Petition is GRANTED. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within ONE day of this order and return him to the conditions of release identified in his previous order of release on recognizance (*see* Dkt. No. 10-3.)

Petitioner SHALL not be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in

front of an immigration judge. Neither the record nor the arguments presented by Respondents in this matter established urgent circumstances or a clear legal basis justifying re-detention without a pre-deprivation hearing.

Within **TWENTY-FOUR (24)** hours of this order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody.

Dated this 8th day of September, 2026.

David G. Estudillo
United States District Judge